Filed 12/1/21  P. v. Lor CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079446 |
| Plaintiff and Respondent, | (Super. Ct. No. CF97605617) |
| v. | |
| CHOR BOLO LOR, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Elizabeth J. Smutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

In 1999, a jury convicted petitioner Chor Bolo Lor of the second degree murder of May Ka Lee.[1] (Pen. Code,[2] § 187; count one.) For this offense the court sentenced petitioner to a term of 15 years to life, with additional terms for related enhancements.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. Without appointing counsel, the trial court summarily denied the petition on the ground petitioner was ineligible for resentencing as a major participant who acted with intent to kill.

On appeal, petitioner contends the trial court erred in ruling on his petition without appointing counsel. The People concede error. We agree, and we therefore reverse.

## PROCEDURAL BACKGROUND[3]

On February 8, 1999, the Fresno County District Attorney filed a first amended information charging petitioner with the murder of May Ka Lee (§ 187; count one), attempted murder of " 'an CMB gang member/associate' " (§§ 187, 664; count two), assault upon K.V. (§ 245, subd. (b); count four), assault upon M.V. (§ 245, subd. (b); count five), and active participation in a criminal street gang (§ 186.22, subd. (a);

---

[1]     Petitioner was convicted of additional offenses as described below.

[2]     Undesignated statutory references are to the Penal Code.

[3]     The factual background underlying the offenses is not relevant to the legal issues raised on appeal and is therefore omitted.

Relatedly, we deny petitioner's January 9, 2020 request for judicial notice of this court's opinion in petitioner's direct appeal (*People v. Lor* (Oct. 17, 2002, F034023) [nonpub. opn.]), and the People's March 23, 2020 request for judicial notice of the file in the same appeal. Although both requests were unopposed, the parties did not seek judicial notice in the trial court and the records are irrelevant. (See *People v. Sanders* (2003) 31 Cal.4th 318, 323, fn. 1 [declining to take judicial notice of documents that were not before the trial court]; *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [judicial notice cannot be taken of any matter that is irrelevant].) The parties may renew their requests in the trial court, to the extent the records are relevant to the issues on remand.

count six).[4]  As to counts one, two, four and five, the information alleged firearm (§ 12022.5, former subd. (a)(1)) and gang enhancements (§ 186.22, subd. (b)(1)).  As to counts four and five, the information alleged great bodily injury enhancements. (§ 12022.7, subd. (a).)  Additionally, the information alleged petitioner suffered a prior felony conviction and prison term within the meaning of section 667.5, former subdivision (b).

On June 3, 1999, a jury found petitioner guilty on all counts, and found the firearm and gang enhancements to be true.  The jury found the great bodily injury enhancements to be not true.  Petitioner subsequently admitted his prior conviction.  On September 9, 1999, the court sentenced petitioner on count one to a term of 15 years to life, plus four years for the firearm enhancement and three years for the gang enhancement.  On count two, the court imposed a consecutive term of seven years for attempted murder, plus four years for the firearm enhancement and three years for the gang enhancement.  Sentence on counts four through six was imposed and stayed.  (§ 654.)  For the prior prison term enhancement, the court imposed a consecutive sentence of one year.

On January 28, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1170.95.[5]  In the petition, petitioner stated that a complaint or information was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of second degree murder at trial; and he could

---

[4]     Petitioner's codefendants were charged in the same first amended information.

[5]     Petitioner did not seek resentencing on his conviction for attempted murder. Section 1170.95 has been amended, effective January 1, 2022, to expressly permit resentencing of persons convicted of attempted murder under certain circumstances. (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, §§ 1-2.)  As the issue of petitioner's attempted murder conviction was not raised below, we do not address it. Petitioner may file a petition for resentencing on his attempted murder conviction in the trial court, if desired.  Petitioner retains any remedies available to him in the trial court.

not now be convicted of second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Additionally, petitioner stated, "I believe there has been a prior implicit determination by the California Court of Appeal, Fifth Appellate District, in People V. Lor, Case No. F034023 that I did not act with reckless indifference to human life or was not a major participant in the murder under Penal Code section 190.2, subdivision (d)[.]"

On March 29, 2019, the People filed an opposition to the petition on the merits, arguing petitioner was either the actual killer or aided and abetted the murder with intent to kill. The People alleged the "jury was not instructed on a theory of felony-murder, and was instructed to find, as a condition precedent to finding the defendant guilty of murder, intent to aid and abet the commission of a target crime of which murder was the natural and probable consequence." In a separate motion to dismiss, the People argued section 1170.95 is unconstitutional. The People's opposition and motion to dismiss were not served on petitioner, but rather on the Fresno County Public Defender's Office.

Counsel was not appointed to represent petitioner, and petitioner did not file a reply.

On May 9, 2019, the court denied the petition on the ground petitioner failed to make a prima facie showing that he falls within the provisions of section 1170.95. The court held, "Petitioner was a major participant. Petitioner with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree."

This timely appeal followed.

## DISCUSSION

### I. Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person

4.

who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[6] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[7] (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her

---

**6**     Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

**7**     As indicated above, the Legislature recently passed, and the Governor signed, a bill amending section 1170.95. (Sen. Bill No. 775 (2021-2022 Reg. Sess.).) The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis of the issues raised in this petition. We quote from the version of section 1170.95 presently in effect.

conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, "an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'  (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).)  Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.'  (§ 1170.95, subd. (b)(1)(C).)  If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.'  (§ 1170.95, subd. (b)(2).)"  (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested.  The prosecutor must file a response and the petitioner may file a reply.  The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must 'prove, beyond a

6.

reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     The Trial Court Erred in Summarily Denying the Petition

As the parties agree, the court erred in failing to appoint counsel to represent petitioner. Additionally, it appears the People failed to properly serve the opposition on petitioner, who was proceeding in propria persona. Proper service and the appointment of counsel were both required by section 1170.95, subdivision (c). (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) The People do not dispute that petitioner was prejudiced by these errors. Accordingly, we must reverse.

However, the parties disagree as to the appropriate remedy. The People concede the petition is facially sufficient and petitioner therefore satisfied the first of what they describe as two prima facie showings under section 1170.95, subdivision (c). However, the People argue the trial court should appoint counsel and "allow the parties to brief the issue"[8] of whether petitioner satisfies the second prima facie showing. According to the People, the trial court should not be directed to issue an order to show cause because doing so at this stage would be premature. In contrast, petitioner argues the second prima

---

[8]     As petitioner points out, section 1170.95, subdivision (c) does not provide for further briefing from the People. Rather, section 1170.95, subdivision (c) permits the petitioner to file a petition, the People to file an opposition, and the petitioner to file a reply.

facie showing has been satisfied and the only remaining issues are factual and must be resolved at an evidentiary hearing. Petitioner therefore asks us to remand with directions for the trial court to issue an order to show cause.

Our Supreme Court recently held that section 1170.95, subdivision (c) describes "only a single prima facie showing." (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Accordingly, the sequential procedure under section 1170.95, subdivision (c) is as follows: "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis*, at p. 966, fn. omitted.) This procedure was not followed in the instant case. Petitioner is entitled to the appointment of counsel and an opportunity to respond to the properly served opposition before the court determines whether petitioner has stated a prima facie claim for resentencing relief.

The determination of whether a petitioner has stated a prima facie claim for resentencing relief should be made by the trial court in the first instance, following briefing by petitioner's appointed counsel.[9] While we acknowledge petitioner's argument that the People's briefing, both in the trial court and on appeal, appears to concede petitioner was convicted under a natural and probable consequences theory, we nonetheless will remand for the trial court to determine whether petitioner is entitled to an order to show cause. We express no opinion on the merits of the petition.

## DISPOSITION

The May 9, 2019 order denying petitioner's section 1170.95 petition is reversed. On remand, the trial court is directed to appoint counsel for petitioner and to conduct further proceedings on the petition in light of the principles set forth herein.

---

[9]     Additionally, effective January 1, 2022, the trial court must hold a hearing to determine whether petitioner has made a prima facie claim for relief. (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)